# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Jamesina A. Crawford, | ) | Civil Action No.: 2:10-2094-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Limehouse & Sons, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      The plaintiff, Jamesina A. Crawford, an African American female, filed a four-count complaint against the defendant, Limehouse & Sons, Inc., alleging discrimination on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq. The complaint's third and fourth causes of action alleged state law claims for breach of contract/breach of contract with fraudulent intent, and for negligent supervision. The defendant filed a motion to dismiss the plaintiff's third and fourth causes of action pursuant to Fed. R. Civ. P. 12(b)(6), contending that the plaintiff had failed to plead sufficient facts to support her state law claims, and that her claim for negligent supervision was barred by the exclusivity provisions of the South Carolina Workers Compensation Act.

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a United States magistrate judge for pre-trial proceedings and a report and recommendation. On November 10, 2010, the magistrate judge issued a report recommending that the plaintiff's state law claims for breach of contract/breach of contract with fraudulent intent be dismissed, as she had failed to allege facts sufficient to show the existence of a contract,

or that she was not an at-will employee. Furthermore, the magistrate judge recommended that the plaintiff's cause of action for negligent supervision be dismissed because that claim was barred by the exclusivity provisions of the South Carolina Workers Compensation Act, S.C. Code Ann. § 42-1-540. (Docket Entry # 10). The magistrate judge advised the plaintiff of the procedures and requirements for filing objections to the report and the serious consequences if she failed to do so. The plaintiff did not file any objections to the report, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate



judge. Accordingly, the Court adopts and incorporates the report and recommendation by reference in this Order. The defendant's motion to dismiss the plaintiff's state law claims alleging breach of contract/breach of contract with fraudulent intent, and negligent supervision (Docket Entry # 6) is granted.

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December _10_ 2010
Charleston, South Carolina