IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamesina Crawford, ) | Civil Action No.: 2:10-02094-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.    ) | **ORDER** |
| ) | |
| Limehouse & Sons, Inc., ) | |
| ) | |
| Defendant. ) | |

On August 11, 2010, Jamesina Crawford (the "plaintiff"), an African-American female, initiated this action against Limehouse & Sons, Inc. (the "defendant"), alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). On December 12, 2011, the defendant filed a motion for summary judgment. On January 3, 2012, the plaintiff filed a response in opposition thereto, and on January 13, 2012, the defendant filed a reply. On April 6, 2012, the magistrate judge held a status conference, at which time the parties informed him that they had engaged in settlement negotiations but did not believe mediation would be beneficial. Accordingly, the magistrate judge proceeded with consideration of the pending motion for summary judgment, and heard oral argument on the defendant's motion on May 11, 2012.

---

[1] The plaintiff's complaint also had asserted two state law causes of action (breach of contract/breach of contract with fraudulent intent, and negligent supervision) which were dismissed by the Court in an Order filed December 10, 2010. (ECF No. 12).



Page 1 of 4

On June 22, 2012, the magistrate judge issued an R&R which thoroughly analyzed the issues and the applicable law. (ECF No. 43). The R&R recommended that the plaintiff's race discrimination claim be dismissed, and that the defendant's motion for summary judgment as to the sex discrimination claim be denied.[2] After an extension of time was granted by the magistrate judge, the defendant filed its objections to the R&R, and on August 7, 2012, the plaintiff filed a reply thereto.

The matter was pending before the Court when, on August 29, 2012, the defendant filed a motion for leave to amend the scheduling order so as to allow it to file a motion for sanctions against the plaintiff. (ECF No. 50). As grounds for its motion for sanctions, the defendant contended that the plaintiff had engaged in "repeated acts of fraudulent misconduct during the course of this litigation[,]" and claimed that "the plaintiff perjured herself repeatedly at her deposition, falsified at least one document thereafter, and purposely withheld information in a fraudulent effort to enhance her claim for back pay." (ECF No. 50-2 at 2). The plaintiff filed a response in opposition to the motion, and the defendant filed a reply thereto. (ECF Nos. 52, 53).

On January 10, 2013, the Court held a hearing on (1) the defendant's motion to amend the scheduling order so as to allow the defendant to file its motion for sanctions, and (2) the motion for sanctions. At the close of the hearing, the Court denied the defendant's motion to amend the scheduling order to permit the filing of the motion for sanctions, and allowed the parties 30 days

---

[2] The magistrate judge's report states that by the time of the filing of the motion for summary judgment, the plaintiff's counsel had advised counsel for the defendant that the plaintiff was dropping her Title VII claim for race discrimination. Therefore, the only claim remaining in the action was the plaintiff's claim for sex discrimination.



in which to conduct a limited deposition of the plaintiff with respect to specific discovery issues stated by the Court at the hearing.

After the plaintiff requested and received an extension of time in which to complete the plaintiff's limited deposition, on March 15, 2013, the magistrate judge held a status conference by telephone. At that status conference, the parties informed the magistrate judge that they did not anticipate any further filings with the Court, and that the case was ready for a ruling on the defendant's pending motion for summary judgment. (ECF No. 58).

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part," the report and recommendation, "or recommit the matter with instructions." 28 U.S.C. § 636(b)(1).

This Court has carefully reviewed the R&R. In addition, the Court has thoroughly studied the record, the pertinent case law, the objections to the R&R, the response, and the reply thereto. The Court agrees with the conclusions of the magistrate judge, and therefore accepts the



R&R (ECF No. 43) in its entirety. For the reasons articulated in the R&R, the plaintiff's race discrimination claim is dismissed, and the defendant's motion for summary judgment as to the plaintiff's sex discrimination claim (ECF No. 27) is denied.

**AND IT IS SO ORDERED.**

                                                                            *C. Weston Houck* (signature)
                                                                            C. WESTON HOUCK
                                                                            UNITED STATES DISTRICT JUDGE

March 18, 2013
Charleston, South Carolina